UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Joshua Frank Hambly**, | ) | **CASE NO. 1:23 CV 501** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| **Commissioner of Social Security,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Parker (Doc. 14) recommending that the decision of the Commissioner be vacated and the case be remanded for further consideration. Defendant has filed objections. For the following reasons, the R&R is ACCEPTED and this matter is REMANDED to the Commissioner.

**Standard of Review**

When objections are made to a Magistrate Judge's Report and Recommendation, the

1

district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**Discussion**

Only those facts necessary for the resolution of defendant's objections are set forth herein.

The Administrative Law Judge ("ALJ") denied plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff thereafter filed this Complaint to obtain judicial review requesting a finding that he is entitled to DIB and SSI, or a reversal and remand for the purpose of calculating benefits or for further administrative proceedings.

In his request for judicial review, plaintiff argued that the ALJ failed to properly consider his educational records and otherwise failed to properly evaluate the opinions of three medical experts – Dr. Rivera, Ms. Johnson, and Dr. Delcour. The Magistrate Judge thoroughly discussed each argument and found no error with the exception of the opinion of Dr. Delcour, a state agency psychological consultant. The Magistrate Judge concluded that the ALJ failed to follow the proper legal standards and failed to sufficiently articulate why she declined to incorporate into her residual functional capacity ("RFC") determination certain limitations opined by Dr.

2

Delcour. Accordingly, it was recommended that the ALJ's decision be remanded for further consideration on this specific issue, and that all other aspects of the ALJ's analysis be affirmed. Defendant filed objections as to this single basis for remand, and plaintiff responded. For the following reasons, the Court agrees with the Magistrate Judge's reasoning and accepts his recommendation.

The ALJ's RFC determination limited plaintiff to light work except for the following limitations:

> Occasionally lift and carry 20 pounds and frequently lift and carry
> 10 pounds; can stand and walk 6 hours of an 8-hour workday; can sit for 6 hours of an 8-hour workday; unlimited push and pull other than shown for lift and/or carry; can perform simple routine tasks (unskilled work) with no fast pace or high production quotas; with occasional interaction with others; and occasional superficial interaction (meaning of a short duration for a specific purpose) with the general public; can perform work with occasional change; can perform low stress work meaning no arbitration, negotiation, confrontation, responsibility for the safety of others or supervisory responsibility.

In analyzing Dr. Delcour's medical opinion, the ALJ stated:

> The undersigned is generally persuaded by the prior administrative medical findings of the State agency psychological consultant, who opined the claimant was capable of performing simple, routine tasks without fast pace and could have superficial, occasional interactions with the public. This opinion is generally consistent with the claimant's daily activities, including interacting appropriately with family members and medical providers, as well as his work history, which included performing unskilled and semiskilled tasks without problems remembering or understanding those simple, routine tasks. The claimant has benefitted from routine, conservative treatment for his mental symptoms and has consistently reported relief of his anger outbursts since beginning medication.

The Magistrate Judge determined that although the ALJ found the opinion to be "generally persuasive," she did not explain how or why she did not include several limitations opined by Dr. Delcour into her RFC findings, namely, (1) plaintiff should be limited to simple

3

routine tasks (SRTs) that do not require extended periods of attention and concentration, (2) plaintiff should avoid settings where close over the shoulder supervision is required but is capable of an average level of supervision, and (3) plaintiff was moderately limited in his ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.

The Court agrees with the Magistrate Judge that the RFC determination did not include these limitations, and the ALJ did not provide an explanation. The Magistrate Judge reasonably concluded that it was unclear whether the ALJ discounted the limitations without an explanation, or thought she had adopted limitations in the RFC that accommodated the omitted limitations. And, although an ALJ need not adopt a state agency psychologist's opinions verbatim, the ALJ must still articulate how she considered the medical findings and why parts of an expert's opinion which conflict with the RFC findings were not adopted.

The Magistrate Judge pointed out that the ALJ determined that plaintiff was limited to "occasional interaction with others; and occasional superficial interaction (meaning of a short duration for a specific purpose) with the general public[.]" Thus, while Dr. Delcour had opined that plaintiff should not be subjected to over the shoulder *supervision*, the RFC provided only a limitation in the frequency or quantity of plaintiff's interaction with *others in general*. Because the ALJ provided no explanation for her omission, remand is required. *See* 20 C.F.R. §§ 404.1520c(a); 416.920c(a); *Davis v. Comm'r of Soc. Sec.*, 2021 WL 6053925 (N.D. Ohio Nov. 24, 2021) (citing SSR 96-8p, 1996 SSR LEXIS 5 at *7 (July 2, 1996)); *Thomas C. v. Comm'r of the SSA*, 2023 WL 6295814 (S.D. Ohio Sep. 27, 2023).

Additionally, the Magistrate Judge noted that Dr. Delcour opined that plaintiff had

4

moderate limitations in his ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. But the ALJ did not mention this. Nor did the ALJ discuss Dr. Delcour's opinion that plaintiff had a moderate limitation in his ability to respond appropriately to criticism from supervisors. As such, it cannot be determined whether or how the ALJ accounted for these limitations when formulating the RFC, and what portions of the doctor's opinion the ALJ adopted or rejected.

The Court does not agree with defendant that Dr.Delcour's statement that plaintiff was capable of an average level of supervision is the equivalent of not having any limitation with respect to supervisory contact. Dr.Delcour, in her RFC findings, distinguishes between over the shoulder supervision and an average level of supervision. The Court also disagrees with defendant that the third limitation is either vague or did not need to be included in the RFC without explanation.

The Magistrate Judge rightly determined that he could not properly assess whether the RFC accounted for the medical opinion's mental limitations and, at a minimum, the ALJ failed to build a logical bridge between the evidence and the limitations adopted in the RFC. Defendant's attempt to explain the possible reasons for the ALJ's findings will not suffice to prevent remand.

For these reasons, the Court accepts the Report and Recommendation which is incorporated herein by reference.

**Conclusion**

This Court, having found defendant's objections without merit, hereby accepts the Magistrate Judge's R&R. In accordance with that recommendation, this matter is vacated and remanded for further consideration.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/6/24